**MEMO ENDORSED**    **Dated: February 3, 2026**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Fact discovery is extended to **February 27, 2026**. Plaintiff should attempt to serve Ms. Wise at either her work or home address as provided in Defendants' letter at ECF No. 51. The request for fees and costs from both parties is denied. Given that Defendants' letter contains a home address of a witness, the Clerk of the Court is directed to seal ECF No. 51 at the "SELECTED PARTIES" viewing level, and Defendant is directed to file a letter with the home address redacted by **February 4, 2026**. The Clerk of the Court is also directed to close the motions at ECF Nos. 49 and 51.

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**    **Alan Ritter v. New York Medicine Doctors, PLLC, a New York professional limited liability company, and Yosef Golowa, MD, an individual**
> <u>**Civil Action No.: 1:25-cv-01063-DEH**</u>

Dear Judge Figueredo:

Plaintiff requests a Court conference, or a further order, to address the refusal of counsel for Defendant New York Medicine Doctors, PLLC ("NYMD") to comply with a prior order of the court, namely that order dated December 15, 2025 (ECF 42) ordering NYMD to provide Plaintiff with contact information for Shelly Wise, a third party to this action.

As the court may recall, Plaintiff is seeking to subpoena and depose Ms. Wise ahead of the February 6, 2026 fact discovery deadline in this action. Despite listing Ms. Wise as a witness in their Rule 26 disclosures, NYMD has refused to provide Ms. Wise's contact information, as <u>Fed. R. Civ. P. 26(a)(1)</u> requires. Plaintiff was therefore required to file a motion seeking to enforce that order. <u>ECF 43</u>. NYMD responded by stating that Ms. Wise's contact address was their office address, and that she worked "on Tuesdays and Thursdays, and some Wednesdays." <u>ECF 45</u>. Plaintiff attempted to serve Ms. Wise three times, on a Tuesday and two Thursdays, but she was not present at NYMD's office on any of those occasions. NYMD counsel has refused to provide Ms. Wise's home address and telephone number, as the Rules require, or an accurate work schedule.

Plaintiff has tried diligently to address these issues without court intervention, but those efforts have proven unsuccessful.

> I.    <u>NYMD's Refusal to Provide Contact Information and an Accurate Work Schedule for Shelly Wise</u>

To restate the background of that issue, Shelly Wise, RN is a nurse working for NYMD. Ms. Wise completed an incident report at the time of the underlying incident addressed in this

action, and NYMD listed her as a witness who should be contacted through NYMD's counsel in NYMD's disclosures. NYMD later informed Plaintiff that it would not produce Ms. Wise, alleging that she is an independent contractor. On November 5, 2025 Plaintiff requested that NYMD provide contact information for Ms. Wise per Rule 26 so that Plaintiff could subpoena Ms. Wise for deposition. NYMD again refused, and the matter was addressed at the telephonic motion hearing held December 11, 2025.

In that hearing the court noted that exchange of such information is generally regarded as a professional courtesy. The court then issued an order on December 15, 2025, requiring NYMD to provide such contact information and Ms. Wise's work schedule.[1]

NYMD refused to provide Ms. Wise's contact information or schedule in the three (3) weeks following the Order, ignoring multiple emails from Plaintiff's counsel. NYMD only complied, partially, when Plaintiff filed another motion seeking to have the court enforce its prior order. NYMD then filed a letter response stating that Ms. Wise's address was NYMD's office address, and that she worked on Tuesdays, Thursdays and some Wednesdays. See ECF 43, 45-46.

Unfortunately, the information provided by NYMD was inadequate. Plaintiff's process server visited the office address provided by NYMD on three occasions (Tuesday 1/13/26, Thursday 1/15/26, and Thursday 1/22/26). Ms. Wise was not present at the office on any of those occasions, and on the final occasion, the server was informed by the office receptionist that Ms. Wise is on vacation, and that it is unclear when she will return. See Exhibit A, Affidavit of Non-Service.

Plaintiff's counsel then contacted NYMD counsel on Monday, January 26th, asking for Ms. Wise's home address and phone number so they could serve their subpoena on her urgently. Rather than providing that information, NYMD counsel stated that she is "not required to provide [Ms. Wise's] home address" followed by an outright refusal to provide the information.

This situation would be risible if it did not involve such a needless waste of time and resources. Fed. R. Civ. P. 26(a)(1)(A)(i) requires disclosure of "the name, if known, the address and telephone number of each individual likely to have discoverable information." There is no need to ask for an individual's address and telephone number, although Plaintiff's counsel has many times in order to avoid bringing this issue to the court, as it is incumbent on the disclosing party to disclose the necessary information as soon as it is aware of it.

Further, disclosure of a business address is not sufficient, and numerous courts have found that the disclosure requirements include the home address and telephone number of a disclosed witness:

> "At first glance, Rule 26(a)(1) does not address whether a disclosed individual's home telephone number, home address, and cellular phone number must be disclosed. Plaintiff points to several cases in which he argues courts have required an individual's personal

---

[1] "Defendants are directed to provide Plaintiff's counsel with the work address for Shelly Wise and, to the extent Defendants know, her work schedule, so that Plaintiff's counsel can serve Ms. Wise with a deposition subpoena." ECF 42, Order

contact information to be disclosed under Rule 26(a)(1)…the Court finds persuasive the reasoning in Dixon, in which the court ordered a party to disclose the personal contact information of its employees, stating that a party may not satisfy its Rule 26(a)(1) obligations simply "by disclosing its business address and phone number, unless it knows of no other address and number." <u>Dixon</u>, 164 F.R.D. at 689." <u>Thurby v. Encore Receivable Mgmt., Inc.</u>, 251 F.R.D. 620, 621 (D. Colo. 2008) (internal citations omitted)

Here, Ms. Wise is an independent contractor of NYMD. By law, her home address must be on record for tax purposes, and there is no reason to suspect NYMD does not have her telephone number. NYMD must disclose that information to Plaintiff in accordance with the Rules.

With the fact discovery deadline approaching on February 6, 2026, taking into account the usual complications involved in subpoenaing a third party and accommodating their schedule, the issue is urgent, and will likely necessitate an extension of the discovery deadline.

II.    <u>Relief Requested</u>

For the foregoing reasons, Plaintiff requests an order:

(1) requiring Defendants to cooperate with the deposition of Shelly Wise and any other relevant NYMD staff, including but not limited to providing Ms. Wise's home address, and any phone number and email address she has provided to NYMD, within 24 hours;

(2) extending the fact discovery deadline to February 27th, 2026, or specifying that Ms. Wise's deposition may take place outside the discovery deadline;

(3) and further, granting Plaintiff's counsel its costs and fees incurred in preparing this motion.

III.    <u>Certification of Conferral</u>

Rivka Teitelbaum and William Talbot, both counsel for Plaintiff, have exchanged numerous emails with Patrick Mevs, counsel for Defendant Yosef Golowa, and Anna Schwartz, counsel for NYMD over the past several days. Mr. Talbot and Ms. Schwartz also spoke by phone. As noted, the above-referenced issue could not be resolved in these communications.

[Signature Page Follows]

3

Respectfully,

/s/ William I. Talbot
William I. Talbot
New York Bar Number 5108808
Rivka Teitelbaum
New York Bar Number 5835244
Cohen Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012
rivka@wolfferscohen.com
william@wolfferscohen.com
Office: (646) 495-1819
Fax: (646) 619-4358

Attorneys for Plaintiff ALAN RITTER

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been

sent to all counsel of record by electronic service on this 29th day of January, 2026.

/s/ William I. Talbot
William I. Talbot
New York Bar Number 5108808
Cohen Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012
william@wolfferscohen.com
Office: (646) 495-1819
Fax: (646) 619-4358

Attorneys for Plaintiff ALAN RITTER

4