MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2026

As indicated during the conference on June 30, 2026, the Court was skeptical that discovery concerning non-medical liens was relevant to the claims or defenses in this case. The Court thus asked Defendant to provide authority to support its position that such discovery was relevant. Defendant's July 13 submission makes no showing of relevancy and points to no case where such information was deemed relevant under circumstances similar to those here. Defendant also acknowledges that the relevance of the sought-after discovery "is tenuous." As such, any request to compel Plaintiff to provide discovery concerning non-medical liens is denied. The Clerk of Court is respectfully directed to close the motion at ECF No. 60.

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

**Re: Alan Ritter v. New York Medicine Doctors, PLLC, a New York professional limited liability company, and Yosef Golowa, M.D., an individual.**
**Civil Action No.: 1:25-cv-01063-DEH**

**DEFENDANTS' JOINT LETTER TO ESTABLISH RELEVANCE OF OTHER LIENS**

Dear Judge Figueredo:

My office represents Defendant ADVANCED PHYSICIANS, P.C. d/b/a NEW YORK MEDICINE DOCTORS, PLLC, in the above-referenced action. Co-Defendant Yosef Golowa, M.D., joins in this Letter. (hereinafter, collectively, "Defendants").

As discussed with this Court on June 30, 2026, the Plaintiff in this matter is subject to significant non-medical liens. The Defendants have been directed by this Court to provide a basis for why these non-medical liens should be discoverable.

**The scope of discovery is broad and designed to prevent surprise.**

In Federal Courts, discovery is limited by Rule 26. Under Federal Rule of Civil Procedure 26(b)(1), "[i]nformation is discoverable … if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26(b) further directs that the parties' relative access to the relevant information be considered, and that even information that is not admissible can be within the scope of discovery. F.R.C.P. 26(b)(1). Courts in the Second Circuit have interpreted the relevance and proportionality correlatively, i.e. the more relevant the information sought, the less proportional the request need be, and vice versa. *See, e.g.*, *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, 605 B.R. 617,

629 (S.D.N.Y. 2019) (Hereinafter, "*Madoff*"). Many Courts have used the definition of relevance provided by Rule 401 of the Federal Rules of Evidence: information is relevant where it has a tendency to make a fact of consequence in determining the action any more or less probable than it would be without. Fed. R. Evid. 401. Courts have recognized that the scope of relevance is broader in discovery than in determining admissibility for trial. *Vaigasi v. Solow Management Corp.*, 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (Pitman, M.J.) (providing a string-cite of other cases for the proposition this is settled law); *see also*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Discovery is necessarily broad in its scope to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.).

In *Madoff*, the Southern District's Bankruptcy Court, affirmed an order of a discovery arbitrator denying a discovery request for trading records for a silo of the business and the period prior to 1992, consisting of 13,000 boxes of hardcopies and 30 million electronically stored records. *Madoff*, at 618. To date, there had been no showing that documents from that silo of Madoff's investment business, known as House 5, was involved in the Ponzi Scheme, and the Court found that given the Trustee's documented efforts, and the vast amount of documents, the expense to digitize, let alone search these records would be monumental. *Id.* at 630-631. As such, the request was so broad as to fail the proportionality requirement. *Id.*

Here, while the relevance is tenuous as it relates to a party's claim or defense, this information is undoubtedly relevant as towards an ultimate issue in this case: that Plaintiff likely stands to gain nothing from pursuing this claim. As to proportionality, the burden of undertaking to respond to our discovery request is miniscule: Plaintiff need only undertake to identify if any of his other creditors are able to assert a lien in this matter, and to what extent those eligible creditors do intend to assert a lien. This information should have been verified during an initial evaluation of the action, prior to its filing, and in any event will need to be done if this action results in a favorable outcome for the Plaintiff.

Upon information and belief, the non-medical liens (already known to be greater than $4 million dollars) are so significant that they eclipse any potential settlement or award the Plaintiff could hope to achieve on this record, and medical liens that will no doubt soon be asserted only stand to compound this issue. In such an instance, the magnitude of these liens alone is cause for concern, as significant judicial and other resources will have been squandered in the event the Plaintiff only learns he stands to gain nothing from the instant action upon its conclusion. Plaintiff has testified that he chose to retire rather than work and have his wages garnished towards restitution, so it is unlikely he would wish to enforce a claim where he stands to gain nothing. *See, e.g.* Dkt. 54, App'x A, 22:25 – 23:10. This issue is only compounded by the very real threat to the financial interests of the Defendants, where non-payment of a valid lien could result in effectively doubling their exposure, as lienholders may seek to enforce such liens as against the Defendants in the event they are not paid by the Plaintiff. Under F.R.C.P. Rule 69, State enforcement procedures govern most post-judgment collection efforts subject to the extent dictated by Federal Statute. F.R.C.P. 69(a); 28 U.S.C. §3205; C.P.L.R. Article 52. In that event, Plaintiff will have begun a chain of events wasting even more judicial resources on a claim that would not benefit him.

If this Court determines the non-medical liens that would be asserted in this action are not discoverable, the Defendants encourage this Court to consider such other and further relief it deems just and proper, such as requiring an affirmation that reasonable efforts have been undertaken to identify the creditors eligible to assert a lien and that intend to do so, an enumeration of those efforts, and an indication that such lienholders will be disclosed upon resolution of the matter, if necessary under the circumstances.

Respectfully Submitted,

FEDERICO SCHWARTZ
MEROLESI & LYDDANE, LLP

By: ______________________
Pablo A. Cazzulino, Esq.
*Attorneys for Defendant*
ADVANCED PHYSICIANS, P.C.,
d/b/a NEW YORK MEDICINE
DOCTORS, PLLC
110 East 40th Street, Ste. 802
New York, New York 10016

AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP

By: Brett Kanter
Brett Kanter, Esq.
*Attorneys for Defendant*
YOSEF GOLOWA, M.D.
600 Third Avenue
New York, New York 10016