**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**

**ALAN RITTER,**

**Plaintiff,**

**25-CV-1063 (DEH) (VF)**

**-against-**

**ORDER**

**NEW YORK MEDICINE DOCTORS, PLLC, et al.**

**Defendants.**

**---------------------------------------------------------------X**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On October 15, 2026, Plaintiff filed a letter, opposing Defendants' request for an independent medical examination of Plaintiff. ECF No. 72. Plaintiff argues that Defendants have not demonstrated good cause for Defendants' request, which was made after the close of fact discovery, despite knowing from the inception of the case that Plaintiff's medical condition is central to this action. Defendants filed a response on October 22, 2026. ECF No. 73. Defendants point out that Plaintiff's condition materially changed after his depositions, as he was diagnosed with a mild neurocognitive disorder, which Defendants were not made aware of until after the close of fact discovery, on August 24, 2026. ECF No. 73 at 2. Plaintiff's expert also conducted a medical evaluation of Plaintiff, but not until after the close of fact discovery. Id. As Stanbro v. Palou, upon which Plaintiff relies, makes clear, courts in this District have allowed post-discovery medical evaluations where the movant's delay in requesting the examination was "reasonable under the circumstances." 2021 WL 4176255, at *1 (S.D.N.Y. Sept. 14, 2021). Defendants' delay was reasonable here, given that they only learned after the close of fact discovery that Plaintiff had a new diagnosis and that Plaintiff's expert had conducted a medical

evaluation of Plaintiff (after the close of fact discovery) upon which the expert relied in reaching his own expert conclusion. See Impey v. Office Depot, Inc., 2010 WL 2985071, at *19 (N.D. Cal. July 27, 2010) (permitting late request for IME where plaintiff's expert conducted an examination of plaintiff where "the examination by [plaintiff's] expert took place *after* the fact discovery cutoff, and was very clearly treated as an expert disclosure as opposed to fact discovery") (italics in original). Accordingly, Defendants have demonstrated good cause for their request.

The deadline for Defendants to complete a medical examination of Plaintiff is **December 2, 2026**. The deadline for supplemental expert reports is extended to **January 8, 2027**. The deadline for rebuttal reports is extended to **January 22, 2027**. The deadline to complete all expert depositions is extended to **February 5, 2027**.

**SO ORDERED.**

DATED: New York, New York
October 26, 2026

VALERIE FIGUEREDO
United States Magistrate Judge